**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

APR 29 2024

FOR THE NINTH CIRCUIT

VICTOR MANUEL TEJADA-MEMBRENO;
JESSE MANUEL TEJADA-DUBON,

Petitioners,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 22-738

Agency Nos. A209-435-870
                    A209-435-871

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 4, 2024**
Las Vegas, Nevada

Before:  M. SMITH, BENNETT, and COLLINS, Circuit Judges.

Petitioners Victor Manuel Tejada-Membreno and his minor son, Jesse

Manuel Tejada-Dubon, both citizens of Honduras, petition for review of a decision

by the Board of Immigration Appeals ("BIA") upholding a decision of an

Immigration Judge ("IJ") denying their applications for asylum and withholding of

removal.[1]  We have jurisdiction under § 242 of the Immigration and Nationality

---

* This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes that this case is suitable for decision without
oral argument. *See* FED. R. APP. P. 34(a)(2)(C).

[1] Tejada-Dubon filed a separate application based on the same underlying factual
contentions as in his father's application.  He is also a derivative beneficiary of his

Act, 8 U.S.C. § 1252.  We review the agency's legal conclusions de novo and its factual findings for substantial evidence.  *See Davila v. Barr*, 968 F.3d 1136, 1141 (9th Cir. 2020).  Under the latter standard, the "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."  8 U.S.C. § 1252(b)(4)(B).  We deny the petition.

Even assuming, without deciding, that Petitioners have established past harm rising to the level of persecution, the agency properly concluded that Petitioners failed to show the requisite nexus between their past or feared persecution and their asserted membership in their proposed social group ("Hondurans imputed to have reported crimes to the police").  The BIA held that, even assuming that Petitioners' proposed social group was cognizable, the retaliation they experienced was due to "purely personal retribution" rather than to a social-group-based motivation.  In their brief in this court, Petitioners largely ignore this distinction and this ruling, because they never even mention the BIA's holding concerning the motivations of their alleged persecutors, much less explain why it is not supported by substantial evidence.  At most, Petitioners rely on conclusory assertions that the nexus requirement was satisfied here.  Because in our view substantial evidence supports the agency's determination that the retaliation was purely personal in nature, we

father's asylum application.  *See Ali v. Ashcroft*, 394 F.3d 780, 782 n.1 (9th Cir. 2005) (stating that, unlike asylum, derivative relief is not available with respect to withholding of removal).

2

uphold its conclusion that Petitioners failed to establish nexus.  On that basis, we conclude that the agency properly denied Petitioners' requests for asylum and withholding of removal.  *Umana-Escobar v. Garland*, 69 F.4th 544, 551 (9th Cir. 2023) ("A nexus between the harm and a protected ground is a necessary element of asylum and withholding of removal.").

**PETITION DENIED.**